SEGALL, Appellant, vs. PADLASKY, Respondent.

*October 20—November 15, 1904.*

*Master and servant: Negligence: Personal injuries: Trial: Court and jury: Proximate cause.*

In an action for negligence for personal injuries to a servant from working with his bare hands and arms in a vat of fur dye, after the master had told him that it was not dangerous, the evidence, stated in the opinion, is *held* to be sufficient to require the submission to the jury of the questions of negligence and proximate cause.

APPEAL from a judgment of the circuit court for Milwau-kee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

This is an action to recover for personal injuries. The plaintiff is a common laborer, and the defendant the owner of an establishment* for cleaning hides and dyeing furs in the city of Milwaukee. It appeared by the plaintiff's testi-mony that on the 11th day of June, 1902, he commenced work for the defendant at his dyeing establishment, and that on the 12th of June he was set at work stirring furs in the dye vats with his hands and bare arms; that the dye was a dark liquid, and that he asked the defendant before commencing work whether it was dangerous, and the defend-ant said it was not; that another workman who was assisting him had rubber gloves upon his hands and arms, and the plaintiff asked for a pair of gloves, and the defendant said it was not necessary—that the other workman did not want to soil his hands, and that was the only reason why he wore gloves; that he continued stirring furs in the vats with his hands and arms immersed in the dye all that day and the following day, at which time his hands and arms became swelled, and, on the morning following the second day, be-came very painful, with large blisters and caused the plaintiff great pain for several weeks; that upon the morning follow-ing the second day of his labor he consulted a doctor, who

treated his injuries for about three weeks. The physician who treated the plaintiff testified that, in his judgment, the injuries resulted from the immersion of the hands and arms in a strong acid. At the conclusion of the physician's evidence the plaintiff rested, and a nonsuit was granted on the ground that there was neither evidence of negligence on the part of the defendant, nor that defendant's negligence was the proximate cause of the injury. From this judgment the plaintiff appeals.

For the appellant there was a brief by *W. B. Rubin,* attorney, and *Moritz Wittig,* of counsel, and oral argument by *Mr. Rubin.*

For the respondent there was a brief by *McCabe & Dahlman,* and oral argument by *M. A. McCabe.*

WINSLOW, J. There was certainly sufficient evidence of defendant's negligence to take the question to the jury. According to the evidence, he set the plaintiff at a job where his arms would be immersed all day in a liquid dye. When asked whether it was not dangerous, he assured the plaintiff it was not, and upon this assurance the plaintiff went to work. After two days of this work the plaintiff's arms and hands swelled and blistered so as to be very painful. Before dipping his arms in anything else, he consulted a physician. The physician, after applying litmus paper to the arm, testifies that the injuries were evidently the result of immersion in some liquid containing a strong acid. Here certainly was evidence enough of negligence to take the question to the jury. The jury would be justified in finding that the dye contained a strong acid which was injurious to the human skin. If the defendant knew that it contained such an injurious acid, then the jury would be justified in finding defendant negligent, if he assured the plaintiff that it was harmless. If he did not know its composition, the jury would also be justified in finding negligence, if he made such

an assurance, because he assumed to know, and must abide the consequences to the same extent as if he did know when an innocent third person has been misled. So in either event there is proof of negligence to go to the jury, and, in view of the positive testimony of the physician as to the cause of the swelling of the plaintiff's arms, it is very clear that the question whether such negligence, if found, was the proximate cause of the injury, is also one for the jury.

*By the Court.*—Judgment reversed and action remanded for a new trial.